#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

PHILLIP LAMONTE HUMPHRIES,

    Plaintiff,

    v.                                                                       No. CIV 11-0462 MCA/DJS

CITY OF ALBUQUERQUE,
OFFICER TOM STUART,

    Defendants.

#### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will require Plaintiff to show cause why the complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

The complaint alleges that Defendant Stuart arrested Plaintiff without a warrant.  The incident occurred on December 16, 2006, while Plaintiff was visiting a friend at her apartment.  The arrest warrant was for the friend and her son, but Defendant ran a "warrant & wants check" for Plaintiff and then arrested him too.  [Doc. 1 at 3.]  Plaintiff contends that his arrest and confinement violated his Fourth Amendment rights and amounted to false imprisonment and cruel and unusual punishment. The complaint seeks damages.

Plaintiff's complaint appears to be barred as untimely filed.  The period of limitation for a § 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), and the limitation on personal injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (2004).  Plaintiff's alleged injury occurred in 2006, and thus accrued more than four years before he filed the complaint.  *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury).  On the other hand, "a district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue."  *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009).  The court will allow Plaintiff an opportunity to show cause why his complaint should not be dismissed as untimely filed. Failure to respond may result in dismissal of the complaint without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Motion And Affidavit For Leave To Proceed Under 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial filing fee payment is

WAIVED;

IT IS FURTHER ORDERED that, within twenty-one days from entry of this order, Plaintiff may file a response showing cause, if any, why his complaint should not be dismissed as untimely filed.

_____
UNITED STATES MAGISTRATE JUDGE