IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP LAMONTE HUMPHRIES,

    Plaintiff,

  v.                                                                                    No. CIV 11-0462 MCA/DJS

CITY OF ALBUQUERQUE,
OFFICER TOM STUART,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's response to the order entered on June 3, 2011. As noted in the June 3 order, Plaintiff's complaint alleges that Defendant Stuart arrested Plaintiff without a warrant. The incident occurred on December 16, 2006, while Plaintiff was visiting a friend at her apartment. Stuart had an arrest warrant for the friend and her son, but he then ran a "warrant & wants check" for Plaintiff and arrested him. Plaintiff contends that his arrest and confinement violated his Fourth Amendment rights and amounted to false imprisonment and cruel and unusual punishment.

The June 3 order directed Plaintiff to show cause why his complaint should not be dismissed as untimely filed. In the order, the Court noted that the limitations period for a § 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). In his response, Plaintiff concedes that he was arrested in 2006. He alleges that he was indicted in 2008 and remains incarcerated on an "unreasonable bond as well as a 'hold' since December 4, 2010." He also alleges

that he is a military veteran with PTSD and that his "injuries are continuing to mount . . . because of the on going crimnal investigation."

Plaintiff's response does not present grounds for adjudicating the merits of his complaint. As noted in the June 3 order, Plaintiff's Fourth Amendment claim for unreasonable seizure accrued more than four years before he filed the complaint. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury). Furthermore, Plaintiff cannot pursue false imprisonment or Eighth Amendment claims that might have arisen subsequently. "[Plaintiff]'s § 1983 complaint [for false imprisonment] cannot succeed on its merits because there has been no termination of the challenged criminal proceedings in [Plaintiff]'s favor." *Garey, Jr. v. Romero*, No. 09-2218, 2010 WL 175938, at *2 (10th Cir. Jan. 20, 2010). Plaintiff makes no allegation of favorable termination of the criminal proceedings against him. And last, because Plaintiff's claims arise from pre-conviction proceedings, his allegations do not separately implicate Eighth Amendment protections. *See Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1493 (10th Cir. 1990); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *and see Ingraham v. Wright*, 430 U.S. 651, 671-672 n. 40 (1977). The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's false imprisonment claim is DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

                                                                                                               UNITED STATES DISTRICT JUDGE